IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DINESH B. TRINIDADE,**

    Plaintiff,

v.                                                      **Civil Action No. 3:12-CV-12**
                                                         **(BAILEY)**

**FEDERAL NATIONAL MORTGAGE
ASSOCIATION,**

    Defendant.

### ORDER GRANTING DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO REMAND

Pending before this Court is Defendant Federal National Mortgage Association's Motion to Remand [Doc. 5].  Noting that the plaintiff is proceeding *pro se*, this Court issued a ***Roseboro*** Notice advising the plaintiff of his right to file responsive material, and to alert him to the fact that his failure to so respond might result in the entry of an adverse ruling against him.  ***Davis v. Zahradrich***, 600 F.2d 458, 460 (4th Cir. 1979); ***Roseboro v. Garrison***, 528 F.2d 309, 310 (4th Cir. 1975). The plaintiff was so advised on March 23, 2012 [Doc. 7].  Plaintiff promptly filed his response in opposition [Doc. 9] on April 9, 2012. This Court now finds this matter is ripe for decision.  For the reasons that follow, the Motion to Remand [Doc. 5] is **GRANTED**.

"The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" ***Maryland Stadium Authority v. Ellerbe Becket Incorporated***, 407 F.3d 255, 260 (4th Cir. 2005), citing ***Mulcahey v. Columbia Organic Chems. Co.***, 29 F.3d 148, 151 (4th Cir.

1994).  Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly.  **Shamrock Oil & Gas Corp. v. Sheets**, 313 U.S. 100 (1941).

If federal jurisdiction is doubtful, a remand to state court is required.  **Maryland Stadium**, 407 F.3d at 260.  On the other hand, if this Court has jurisdiction, it is required to exercise it.  **Gum v. General Electric Co.**, 5 F.Supp.2d 412, 415 (S.D. W.Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'").

In this case, the plaintiff cannot remove this action for several reasons.  First, pursuant to 28 U.S.C. § 1441(a), generally, only a defendant may remove a civil action to federal district court.  Thus, Trinidade, the plaintiff, cannot remove this action.

Next, in Trinidade's fifty (50) page response to the motion to remand, it appears as though Trinidade has attempted to unilaterally realign the parties to the effect that FNMA is now the plaintiff, and Trinidade is the defendant.  Assuming, *arguendo*, that Trinidade could magically transform himself into the defendant in this matter, any attempt to remove would still fail for two additional reasons.

First, Trinidade is a citizen of the State of West Virginia residing in Falling Waters.  When a plaintiff files in state court a civil action over which the federal district court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, **provided that the defendant is not a citizen of the state** in which the action was brought.  See **Caterpiller Inc. v. Lewis**, 519 U.S. 61 (1996).  As a citizen of West Virginia, even if Trinidade were the defendant in this civil action, he could not

remove to this Court.

Second, Title 28, Section § 1446(b) of the United States Code provides, in pertinent part, as follows:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ..

28 U.S.C. § 1446(b).

As noted by the Honorable Judge Frederick P. Stamp, Jr. in **Haythorn v. Erie Ins. Property & Cas. Co.**, 2006 WL 2595278, *1 (N.D. W.Va. Sept. 11, 2006), "the timeliness of the notice of removal is governed by 28 U.S.C. § 1446(b), which creates a 30-day limitation period for removing cases. The right to remove arises when a defendant is first put on notice that all of the prerequisites for invoking federal jurisdiction have been met. A failure to timely file a notice of removal constitutes a defect in removal procedure. **Cades v. H & R Block, Inc.,** 43 F.3d 869, 873 (4th Cir. 1994). A defect in removal procedure renders a case improperly removed. **Huffman v. Saul Holdings Ltd. P'ship**, 194 F.3d 1072, 1076 (10th Cir. 1999)." *Id*.

On January 21, 2010, FNMA served Trinidade with an unlawful detainer action in the Magistrate Court of Berkeley County, West Virginia seeking to evict him. Trinidade was served with the underlying action on or about February 26, 2010. Trinidade subsequently removed the action to the Circuit Court of Berkeley County, West Virginia on November 16, 2011. That matter had been pending for over a year in circuit court until Trinidade removed

the action to this Court on February 17, 2012 [Doc. 1]. Clearly, this matter was removed well beyond the thirty (30) day limitation. As such, this Court finds that this action was improperly removed due to procedural defect. See **Huffman v. Saul Holdings Ltd. P'ship**, 194 F.3d at 1076.

Upon review of the above, this Court is of the opinion that Defendant Federal National Mortgage Association's Motion to Remand **[Doc. 5]** should be, and the same is, hereby **GRANTED**. Accordingly, this case is hereby **REMANDED** to the Circuit Court of Berkeley County, West Virginia.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein, to mail a copy to the *pro se* plaintiff, and to transmit a copy to the Circuit Court of Berkeley County, West Virginia.

**DATED:** April 10, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE